1 LCastro.PLE

2 LEONARDO M. RAPADAS
United States Attorney
3 JOSEPH TOCK
Special Assistant U.S. Attorney
4 Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
5 Hagåtña, Guam 96910
Telephone: (671) 472-7332
6 Telecopier: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM
AUG 16 2005 nbo
MARY L.M. MORAN
CLERK OF COURT

7 Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. 05-00011 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| LUIS-JEFFREY CASTRO, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, LUIS-JEFFREY CASTRO, enter into the following plea agreement:

1. The defendant, LUIS-JEFFREY CASTRO agrees to enter a guilty plea to an Information charging him with Count 2 of the Complaint, Theft of Property, in violation of 18 United States Code Sections 1382. Count number 1 will be dismissed after sentencing..

2. The defendant understands that the <u>maximum</u> sentence for Entering Military Property, in violation of 18 U.S.C. § 1382 as a class B misdemeanor as specified in 18 U.S.C. § 1382 is imprisonment for not more than six (6) months and a maximum fine of $10,000.00, together with any restitution as the court may order, and a $10 special assessment fee. Any sentence of

-1-

incarceration shall include a term of supervised release of not more than one (1) year. If the court revokes sentence of supervised release, the court may incarcerate the defendant for six (6) months. The total of $10 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant, LUIS-JEFFREY CASTRO, further agrees to fully and truthfully testify fully and truthfully at any trials or proceedings against Dennis Aldan, Donald Aldan and Antonio Castro if called upon to do so for the United States in the crimes revolving around the events of 23 February 2005, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for count number 1 of the information.

4. The defendant, LUIS-JEFFREY CASTRO, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in theft related activities, his knowledge of others' involvement in such activities. The defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5. The defendant understands that to establish a violation of Entering Military Property, a

- 2 -

Case 1:05-mj-00011   Document 10   Filed 08/16/2005   Page 2 of 5

violation of Title 18, United States Code, Section 1382, the government must prove each of the following elements beyond a reasonable doubt for each count:

<u>First</u>, that on the 23rd day of February 2005, the defendant wilfully and knowingly did enter certain military property, more specifically Andersen AFB (South) ; and

<u>Second</u>, the intention of the defendant was to violate a law, or regulation, more specifically to steal aluminum belonging to the United States; and

6. The defendant understands that the Sentencing Guidelines do not apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born on January 29, 1971, and is a citizen of the United States.

    b. That on February 23, 2005, the defendant LUIS-JEFFREY CASTRO, along with Dennis C. Aldan, Donald Aldan and Antonio Castro entered Andersen AFB, Guam at a time prior to 4:00 p.m. They entered Andersen AFB, South, with the tools necessary to remove aluminum railings from the housing units. Their intention was to take the aluminum railings and sell them for scrap value. Using the tools that they brought with them, more specifically bolt cutters and screw drivers they removed aluminum railings from one or more housing units and loaded the railings into a red Mazda Pick-up truck registered to Luis Castro. The defendant knew the property belonged to the United States and was Andersen AFB (South).

    c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. Defendant also agrees to pay restitution to any individual, or organization, who lost money as a result of his criminal conduct.

7. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   g. That he reads, writes and speaks the English language and has no need for an interpreter;

   h. That he has read the plea agreement and understands it; and

\\
\\
\\
\\
\\
\\

1         i. The Defendant is satisfied with the representation of his lawyer and feels that
2 his lawyer has done everything possible for his defense.

DATED: 8/15/05

_____
LUIS JEFFREY CASTRO
Defendant

DATED: 8/15/05

_____
PATRICK G. CIVILLE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8/16/05      By: _____
JOSEPH TOCK
Special Assistant U.S. Attorney

DATED: 8/16/05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney